UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | No. 4:13 CR 174 CEJ |
| ) | |
| EHRICK S. PREIS,   ) | |
| ) | |
| Defendant.   ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

COMES NOW the United States of America, by and through its attorneys, Richard G. Callahan, United States Attorney for the Eastern District of Missouri, and Michael A. Reilly, Assistant United States Attorney for said District, and files its Sentencing Memorandum. The Government states as follows:

1. The Government supports sentencing guideline range calculation agreed to by the parties and set forth in the Presentence Investigation Report (PSR). *See* PSR ¶¶ 31-50, and 86. The resulting guideline imprisonment range based upon a total offense level of 19 and a criminal history category of III, is 37 months to 46 months. The Eighth Circuit has mandated that the Guidelines continue to provide the beginning point for the calculation of any sentence.

> The appropriate guidelines range, though now calculated under an advisory system, remains the critical starting point for the imposition of a sentence under § 3553(a). See Booker, 125 S. Ct. at 767; 18 U.S.C. §§ 3553(a)(4), (5); United States v. Haack, 403 F.3d 997, 1002-03 (8th Cir. 2005) ("[T]he sentencing court must first determine the appropriate guidelines sentencing range, since that range does remain an important factor to be considered in the

>imposition of a sentence."); United States v. Marcussen, 403 F.3d 982, 985 n.4 (8th Cir. 2005).  See also U.S.S.G. § 1B1.2.  When a district court exercises its discretion to depart or vary from the appropriate guidelines range, it must continue to provide the reasons for its imposition of the particular sentence.  18 U.S.C. § 3553(c)(2).
>United States v. Mashek, 406 F.3d 1012, 1016 n.4 (8th Cir. 2005).

Here, an analysis of the Section 3553(a) factors supports the imposition of a sentence within the applicable guideline range.

2. Section 3553(a) Factors:

This nature and circumstances of this offense, and the need for the sentence to promote respect for the law, to afford deterrence to criminal conduct, and to protect the public from further crimes of the defendant weigh heavily in favor of a sentence within the guideline range. Section 3553(a) lists the following factors:

> 1)  the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> 2)  the need for the sentence imposed --
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> 3)  the kinds of sentences available;
>
> 4) the kinds of sentences and the sentencing range established for--
>     (A) the applicable category of offenses committed by the applicable category of defendant as set forth in the guidelines...
>
> 5) any pertinent policy statement ---
>     (A) issued by the Sentencing Commission...
>
> 6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct...

The nature and circumstances of the offense are significant:  Defendant possessed more than one improvised explosive device, and distributed 858 units of 25I-NBOMe to undercover detectives in exchange for more than $6,000.00 in United States currency.  The offense conduct is detailed in the PSR, ¶¶ 11-25.  A sentence within the range, on this set of facts, is appropriate to protect the public from the Defendant, and to deter similar conduct.  A sentence within the guideline range will reflect the seriousness of the offense and promote respect for the law.

WHEREFORE, the Government requests that the Court impose a sentence within the applicable guideline range.

Respectfully submitted,

RICHARD G. CALLAHAN
United States Attorney

*/s/ Michael A. Reilly*
Michael A. Reilly, # 115988
Assistant United States Attorney
111 S. Tenth Street, Room 20.333
St. Louis, Missouri 63102
(314) 539-2200

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was filed electronically with the Clerk of the Court, this 14th day of November, 2013, to be served by operation of the Court's electronic filing system on Lenny Kagan, Attorney for Defendant, and Megan M. Rosenberg, U.S. Probation Officer.

*/s/ Michael A. Reilly*
Michael A. Reilly
Assistant United States Attorney